O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE NOEMI GARCIA, an individual,<br><br>　　　　　　Plaintiff,<br>　　v.<br>INDYMAC BANK, F.S.B.; FIRST AMERICAN TITLE INSURANCE COMPANY, a Business Entity, form unknown; ONEWEST BANK, F.S.B., a Business Entity, form unknown; NDEX WEST LLC, a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; and DOES 1–50, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-02997-ODW(MANx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [6]** |

Before the Court is Defendants OneWest Bank, F.S.B. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiff Rosa Noemi Garcia's Complaint. (ECF No. 6.) Plaintiff filed an Opposition on April 26, 2012, to which Defendants filed a Reply on May 7, 2012. (ECF Nos. 7, 9.) Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C. D. Cal. L. R. 7-15.

1  Initially, the Court notes that Plaintiff's over-sized Opposition[1] fails to address
2 any of the substantive arguments advanced in Defendants' Motion to Dismiss.
3 Instead, Plaintiff appears to have cobbled together portions of oppositions taken from
4 other cases to (loosely) describe how she feels she has adequately pleaded her various
5 claims against Defendants. Because Plaintiff failed to address Defendants'
6 substantive arguments, the Court **GRANTS** Defendants' Motion as unopposed.

7  In addition to the reasons contained in Defendants' Motion, the Court finds
8 Plaintiff's Complaint deficient in other ways, including the failure to comply with
9 Federal Rules of Civil Procedure Rule 8. Rule 8(a) requires that a pleading contain a
10 short and plain statement of a claim showing that the pleader is entitled to relief.
11 *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Plaintiff must
12 plead a short and plain statement of the elements of her claim, "identifying the
13 transaction or occurrence giving rise to the claim and the elements of a prima facie
14 case." *Id.* Further, Plaintiff must eliminate all preambles, introductions, argument,
15 speeches, explanations, stories, griping, vouching, evidence, attempts to negate
16 possible defenses, summaries, and the like from her Complaint. *McHenry v. Renne*,
17 84 F.3d 1172, 1180 (9th Cir. 1996). The Court should be able to read and understand
18 Plaintiff's pleading within minutes. *Id.* at 1177.

19  Although the Court is required to give pro se plaintiffs some leniency in terms
20 of procedure, the complaint must still be adequately pleaded. *See Eldridge v. Block*,
21 832 F.2d 1132, 1135–36 (9th Cir. 1987). A complaint that is unintelligible serves no

---

[1] Plaintiff's Opposition was 37 pages, which is 12 pages in excess of the 25-page limit established by Local Rule 11-6. Plaintiff's Opposition also failed to include a table of contents or a table of authorities in violation of Local Rule 11-8. Plaintiff is reminded of the Court's admonition in its April 9, 2012 Self-Representation Order that

> when you elect to proceed *pro se*, you are on your own and become personally responsible for litigating your action in accordance with the rules. Practice in the federal courts is governed by the Federal Rules of Civil Procedure. You **must** become familiar with these rules. You will be held to the same standards as a lawyer as far as complying with court procedures and regulations of the court system.

(Self-Representation Order, ECF No. 5.) Future failures to comply with the Federal Rules—including the Central District of California Local Rules—may result in adverse consequences to Plaintiff, including documents being stricken from the docket and possible sanctions.

purpose and does more harm than good. And it requires all parties—Plaintiff, Defendants, and the Court—to expend resources just trying to decipher the prose.

Here, Plaintiff's Complaint is 76 pages long. It alleges 30 claims, many of which are duplicative of other claims and contain generalized complaints about mortgage practices during the "mortgage crisis." *See, e.g.*, Compl. ¶ 31. But what is worse, the Complaint contains little more than boilerplate allegations relating to speculative wrongful acts by the mortgage and financial industries without the *factual* support demanded by *Iqbal* to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotation marks omitted)). Accordingly, in any further pleadings Plaintiff must include additional *facts* describing *what* Defendants have *specifically* done to Plaintiff.

In sum, because Plaintiff failed to substantively oppose Defendants' Motion and because Plaintiff's Complaint violates the "short and plain" requirement of Rule 8, Plaintiff's Complaint is hereby **DISMISSED WITH LEAVE TO AMEND**. Plaintiff may file an amended complaint within 30 days of the date of this Order. Failure to do so will result in dismissal of this action with prejudice. If Plaintiff does choose to amend, she must address all of those shortcomings in her pleadings identified in Defendants' Motion by pleading—in good faith and in compliance with Rule 11—additional *facts* supporting her claims. If Plaintiff cannot allege new facts in good faith to support one or more of her claims, Rule 11 dictates that Plaintiff *must* discard such claims.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Finally, the Court is not convinced that Plaintiff is the sole author of her Complaint or Opposition—it appears Plaintiff acquired (poor) templates and modified them to suit her needs. The Court discourages this practice. Instead, Plaintiff is advised that a Federal Pro Se Clinic is located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m. The Federal Pro Se Clinic offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions. For more information, Plaintiff may visit http://www.cacd.uscourts.gov/ and follow the link for "Pro Se Clinic – Los Angeles" or contact Public Counsel at 213-385-2977, extension 270. Plaintiff is encouraged to visit the clinic prior to filing her amended complaint for advice concerning her case.

**IT IS SO ORDERED.**

May 16, 2012

_____
**HON. OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**